MICHAEL SULLIVAN *vs.* DAVID F. HUNT.

A discharge in insolvency is invalid, which was granted to a debtor who, within six months before the time of filing the petition in insolvency, being insolvent, and having reasonable cause to believe himself so, made a settlement with a creditor by delivering to him certain property, and receiving from him in money the excess of the value of the property over the amount of the debt.

CONTRACT upon a promissory note. The defence was a discharge in insolvency. The plaintiff replied that the discharge was invalid, because the defendant, within six months before

the time of filing the petition in insolvency, being insolvent, and having reasonable cause to believe himself so, conveyed to Franklin Pool, in payment or part payment of a preëxisting debt, a wagon of about the value of forty dollars.

At the trial in the superior court, before *Vose*, J., Pool was called as a witness and testified that, within the time named, the defendant, being indebted to him in the sum of from thirty to forty dollars, about eight dollars of which was for necessaries, made a settlement with him, by which he bought of the defendant a wagon, and paid to him $37.50 beyond the amount of the account, and called the account paid; and that the wagon was called worth $75, which might have been high. The judge instructed the jury that it was incumbent on the plaintiff to satisfy them that the defendant, being insolvent, and having reasonable cause to believe himself so, delivered the wagon to Pool for the purpose of paying the preëxisting debt; that there was an agreement or understanding between them to this effect; and that the actual or market value of the wagon was immaterial, if it was of sufficient value to discharge and pay the account, in addition to the money paid to the defendant by Pool, and was so regarded by the parties.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. Simmons*, for the defendant.

*J. B. Harris*, for the plaintiff.

BIGELOW, C. J. The ruling was sufficiently favorable to the defendant. The jury, acting in accordance with the instruction, must have found that the wagon was of sufficient value to pay the preëxisting debt of the defendant, exclusive of the sum due for necessaries, in addition to the sum which was paid to him in cash. Such a payment, having been made when the defendant was insolvent and knew himself to be so, was clearly a preference, within the meaning of the statute, Gen. Sts. c. 118, § 87, and avoided the discharge. It was none the less so because the defendant received a sum of money equivalent to the estimated value of the wagon over the debt which was paid by the transfer of the wagon to his creditor. Nor was proof of the actual or

11 *

market value of the wagon material.    As it was of sufficient
value to pay the debt, in addition to the sum which the defend-
ant received in money, it operated as a preference, because it
was an appropriation of property by an insolvent person to the
payment of a debt, to the exclusion of his other creditors.    No
objection founded on the pleadings can avail the defendant, be
cause it does not appear that any such point was taken at the
trial.                                        *Exceptions overruled.*